RECEIVED
OCT - 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRENDA EDMOND** | * | **CIVIL ACTION NO. 01-2594** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **OXLITE INC., ET AL.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

By Order of Judge Melançon dated June 20, 2005, PDS Incorporated d/b/a Oxlite Manufacturing ("Oxlite") was awarded reasonable attorneys' fees pursuant to 42 U.S.C. §2000e-5(k) and costs against plaintiff, Brenda Edmond ("Edmond"). The determination as to the amount of reasonable fees and costs to which Oxlite is entitled pursuant to the Order was referred to the undersigned Magistrate Judge for Report and Recommendation. [rec. doc. 68].

## BACKGROUND

Edmond filed this sexual harassment action on December 11, 2001 under Section 706(f) of the Civil Rights Act of 1964, found at 42 U.S.C. § 2000e-5 (Title VII), 42 U.S.C. §1981 and Louisiana state law. PDS Incorporated d/b/a Oxlite Manufacturing was not properly named as a defendant in this lawsuit until plaintiff filed her second Amended Complaint on August 8, 2003 after PDS, Inc. and Oxlite Manufacturing's Motion to Dismiss for improper service and insufficient process was granted in part and denied in part as premature. [see rec. docs. 19, 27, 28 and 32].

After completion of discovery, on March 16, 2005, Oxlite filed a Motion for Summary Judgement seeking dismissal of all of plaintiff's claims and requesting an award of attorney's

fees and expenses. [rec. doc. 55]. Rather than filing timely opposition, Edmond filed a Voluntary Motion to Dismiss her action. That Motion was denied by the court on April 11, 2005. [rec. docs. 57 and 58].

On May 13, 2005, the court granted Oxlite's Motion for Summary Judgment in its entirety, finding that plaintiff's §1981 and state law claims were prescribed, and further finding that Edmond had failed to demonstrate that the terms or conditions of her employment were tangibly altered as a result of unwelcome sexual harassment and that Oxlite knew of the harassment but failed to take prompt remedial action. Thus, plaintiff's federal and state claims were dismissed with prejudice, and plaintiff was cast with all costs of the proceeding. [rec. docs. 63 and 64].

A hearing on Oxlite's request for attorney's fees and expenses was held on June 14, 2005 and June 20, 2005 [rec. docs. 65 and 66]. At the conclusion of the hearing, the court granted Oxlite's request for attorney's fees and expenses. The determination as to the amount of reasonable fees and costs to which Oxlite is entitled pursuant to the Order was referred to the undersigned Magistrate Judge for Report and Recommendation. [rec. doc. 68].

Counsel for Oxlite has filed Memorandum in Support of Award of Attorney's Fees to which is attached computerized printouts reflecting time and expenses incurred in connection with the above lawsuit, correspondence between counsel, and the affidavit of Michael P. Maraist attesting to the authenticity and accuracy of these documents. [rec. doc. 70]. Edmond has filed opposition. [rec. doc. 73]. This Report and Recommendation follows.

## GUIDELINES FOR ATTORNEYS' FEES CALCULATION

In Title VII actions, the court in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. 42 U.S.C. § 200e-5(k); *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978).

The Fifth Circuit uses the "lodestar" method is used to calculate reasonable attorneys' fees. *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Vaughn v. Sabine County*, 104 Fed.Appx. 980, 988 (5th Cir. 2004). See also *In re Fender*, 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994).

Under the "lodestar" analysis, the determination of reasonable attorney's fees involves a two-step procedure. *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), citing *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id.* Then, the district court must multiply the reasonable hours by the reasonable hourly rates. *Id.* The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the dozen factors set forth in *Johnson v. Georgia Highway Express, Inc. Wegner v. Standard Insurance Company*, 129 F.3d 814, 822 (5th Cir. 1997).

3

The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. Many of the *Johnson* factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate, and should not be double counted. *Jason D.W. by Douglas W. v. Houston Independent*, 158 F.3d 205, 209 (5th Cir. 1998). Additionally, the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker v. U. S. Department of Housing and Urban Development*, 99 F.3d 761, 771-72 (5th Cir. 1996) citing *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990) and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

The fee applicant bears the burden of proving the reasonableness of the number of hours expended on their prevailing claim. *Leroy v. City of Houston,*, 906 F.2d 1068, 1079 (5th Cir. 1990). Applicants do not have the right to bill for time on issues on which they do not prevail. *Walker*, 99 F.3d at 769. The party seeking attorney's fees must present adequately documented

time records to the court. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Id.* citing *Hensley*, 461 U.S. at 432-34, 103 S.Ct. at 1939. Moreover, hours which result from the case being "overstaffed" or are "excessive, redundant or otherwise unnecessary", even though actually expended, are not hours reasonably expended and are to be excluded from the calculation. *Leroy*, 906 F.2d at 1079 citing *Hensley*, 103 S.Ct. at 1939-40 and *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982) ("there should have been no compensation for hours spent in duplicative activity...."). The time of two or three attorneys in a courtroom or conference when one would do may be discounted. *Johnson*, 488 F.2d at 717. The court may also reduce the hourly rate for travel time and work performed on clerical activities. *Watkins*, 7 F.3d at 459. The dollar value of non-legal work is not enhanced just because a lawyer does it. *Johnson*, 488 F.2d at 717. Finally, the court may reduce the fee award where a party fails to meet his evidentiary burden. *Hensley*, 461 U.S. at 433; *Von Clark*, 916 F.2d at 259; *Leroy*, 831 F.2d at 585-86 (reducing the lodestar for inadequate documentation).

## ANALYSIS

Oxlite seeks $24, 246.50 for legal services performed by attorneys and paralegals of the Onebane Law Firm, and $2,700.36 for costs and expenses.

In support of Oxlite's request, Oxlite submits the following: the affidavit of Michael P. Maraist; copies of computerized billing records describing tasks performed by partner Gregory

Guidry and Associate Michael P. Maraist and paralegal Jane Stanley from May 2, 2003 through June 29, 2005 and the time allotted to these tasks; and computerized records itemizing costs and expenses incurred in defense of this lawsuit from May 6, 2003 through May 17, 2005 including those for photocopies, fax charges, long distance telephone charges, deposition transcript fees, regular postage, personnel and medical record copy fees.

In opposition, plaintiff submits a one page "Motion in Opposition to Memorandum in Support of Award of Attorney's Fees Award" in which she states that

> "Undersigned counsel opposes the Memorandum in Support of Award of Attorney's Fees Award to the extent set forth below.
>
> Undersigned counsel objects to the memorandum of opposing counsel to the extent that the recommendation of a Lodestar is excessive in comparison to the time of opposing counsel."

She then states that her suit was not vexatious, but filed in good faith and that "the statement given by plaintiff in the initial interview differed from the statement provided at deposition." [rec. doc. 73].

## REASONABLE HOURS EXPENDED

A review of all of the entries contained in the computerized billing statements attached to Oxlite's Memorandum reveals the following were billed by Onebane Law Firm attorneys and paralegals: Partner Gregory Guidry billed a total of 11.6 hours, 8.2 hours at the hourly rate of $220.00 for 2003 entries, 2.5 hours at the hourly rate of $230.00 for 2004 entries and .9 hours at the hourly rate of $235.00 for 2005 entries; Associate Michael P. Maraist billed a total of 160.7 hours, 27.3 hours at the hourly rate of $110.00 for 2003 entries, 82.5 hours at the

hourly rate of $135.00 for 2004 entries and 50.9 hours at the hourly rate of $145.00 for 2005 entries; and paralegal Jane Stanley billed a total of 1.5 hours at the hourly rate of $90.00.

*Paralegal Jane Stanley*

Paralegal fees are recoverable as a component part of a prevailing party's attorneys' fees if the "prevailing practice in a given community [is] to bill paralegal [or legal assistant] time separately at market rates ..." *Missouri v. Jenkins*, 491 U.S. 274, 287, 109 S.Ct. 2463, 2471 (1989); *League of United Latin American Citizens*, 119 F.3d 1228, 1235 (5th Cir. 1997); 20 Am.Jur.2d §61 (May 2003). It is the prevailing practice in the legal community of the Lafayette-Opelousas Division of the Western District of Louisiana to bill paralegal fees separately at market rates. Ms. Stanley expended only 1.5 hours on this case at a rate of $90.00 per hour. Her work does not appear unreasonable, duplicative or excessive to the need. However, Ms. Stanley's hourly rate of $90.00 is over the local market rate for paralegal services. See *Conner v. Mid South Insurance Agency, Inc.*, 943 F.Supp. 663, 667 (W.D. La 1996) (approving an hourly rate of $40 for paralegals in an ERISA action); *Yousuf v. UHS of De La Ronde, Inc.*, 110 F.Supp.2d 482, 491 (E.D.La. 1999) (approving an hourly rate of $55 for paralegals in a Title VII action). Accordingly, Ms. Stanley's 1.5 hours will not be reduced or excluded, but rather, her hourly rate will be lowered to $65.00 per hour.

*Attorneys Gregory Guidry and Michael P. Maraist*

The Fifth Circuit frowns on vague notations such as "work on brief" or "review for oral argument"as well as consolidating individual items into one large block of time for each day.

*Conner*, 943 F.Supp. at 666 citing *Leroy*, 906 F.2d at 1080. Every entry for both Mr. Guidry and Mr. Maraist lists several tasks consolidated into one large daily block of time, without any individual entries assigning times to the specific tasks listed in each entry. The Fifth Circuit's disfavors such entries. *Connor* and *Leroy*, supra. However, recognizing that some law firms bill clients on a daily basis, the undersigned recommends a reduction in the fees claimed rather than excluding all of the time submitted by Oxlite. In *Hensley*, the United States Supreme Court stated that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Leroy*, 906 F.2d at 1068.

Moreover, reduction is warranted because several entries lack a detailed description of the services rendered. Specific instances of vague entries occurred on 6/11/03, 12/30/04, 1/5/05, 1/17/05, and 3/15/05 (legal research); 6/13/03, 1/17/05, 1/24/05, 3/11/05, 3/14/05, 3/15/05, and 3/16/05 (drafting or revising motions); 10/28/04, 10/29/04, 11/1/04, 11/2/04, 11/3/04, 11/11/04, 11/30/04, 12/27/04, and 12/29/04 (preparing for depositions, outlining); 5/5/03, 9/3/03, 2/6/04, 2/20/04, 3/4/04, 7/20/04, 9/22/04, 10/14/04, 10/20/04, 11/4/04, and 5/13/05 (conference with clients); 5/2/03, 6/16/03, 6/26/03, 6/30/03, 8/21/03, 9/2/03, 11/18/03, 2/9/04, 7/30/04, 9/15/04, 9/22/04, 10/6/04, 10/12/04, 10/22/04, 11/8/04, 4/18/05, 5/3/05, 5/11/05, 5/17/05, and 5/18/05 (legal strategy meeting).

The undersigned also notes several instances of duplicative work by Onebane attorneys. For example, Mr. Guidry and Mr. Maraist each billed for what appears to be the same inter-

8

office conference on 5/5/03, 2/9/04, and 5/3/05. Moreover, each billed for reviewing the same documents on 6/23/03 (order granting leave), 6/26/03 (Magistrate's ruling on Motion to Dismiss), and 8/14/03 and 8/15/03 (order allowing amendment). Furthermore, the same attorney billed for reviewing the same documents on 5/9/03 and 5/13/03 (notice of determination), and 9/17/03 and 9/24/03 (scheduling order). Finally, the same attorney appears to have re-billed for performing work previously billed on 7/17/03 and 7/18/03 (memo to Maraist re: court ruling), 6/26/03 and 8/28/03 (review of magistrate's 12(b) ruling), 3/19/04 and 3/26/04 (review of SRF Consulting medical records), 3/24/04 and 4/7/04 (review of order continuing trial and for new scheduling order), and 10/21/04 and 10/26/04 (review of SMILE personnel file)

Additionally, there are several entries in which the time billed is excessive for the service performed. Examples of such excessive entries occurred in connection with preparations for depositions (See entries of 10/28/05 through 11/3/04 and 11/11/04, 11/30/04, 12/27/04, 12/29/04).

Also, certain entries billed by attorneys appear to be clerical tasks which could have been performed by a secretary. These entries include those on 5/6/03 (transmitting file to Clerk of Court), 10/23/03 (drafting letter re: resetting Rule 26(f) conference, 3/12/04 and 4/13/04 (drafting letters requesting medical records) and 11/5/04 (telephone calls to clerks of court re: Edmond lawsuits).

The above noted hours, though actually expended, nevertheless appear to be the result of the case being "overstaffed" and hence, are not be hours "reasonably expended". See *Leroy*, 906 F.2d at 1078-79 citing *Hensley*, at 1939-40. The undersigned recognizes that a certain amount of inter-office communication and duplication of effort is necessary in order to properly handle this type of litigation. However, the amount of inter-office communication and duplication appears to have exceeded reasonable bounds. The repetitive efforts could have been reduced and in some cases eliminated had there been less people involved in the prosecution of this lawsuit.

Courts may exclude hours that are insufficiently documented and should not award attorney's fees unless the movant presents "sufficiently detailed records that the time expended and the need for services are clearly established." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1991). The remedy for failure is not preclusion, but rather, reduction of the fees claimed. See *Hensley*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). In cases where the fee application is complex, a district court is not required to do a line by line analysis, but may make across the board cuts on a percentage basis. See *Maxwell*, 53 Fed.Appx. at 568; *Walker*, 99 F.3d at 770 citing *Leroy*, 831 F.2d at 586 (approving a percentage reduction of hours awarded); *Eli Lilly*, 264 F.Supp.2d at 775 (and cases cited therein); *Yamanouchi Pharmaceuticals*, 51 F.Supp.2d at 309 citing *Carey*, 711 F.2d at 1146 (courts may reduce the lodestar by a percentage cut "as a practical means of trimming fat from a fee application.").

In light of the above, a review of the computerized billing records submitted by Onebane Law Firm indicates that a 25 % reduction of the hours for fees claimed is appropriate. *Hensley,* 103 S.Ct. at 1939; See also *Maxwell, Walker, Leroy, Eli Lilly* and *Yamanouchi,* supra. Thus, the undersigned recommends that the claimed fees of 11.6 hours for Gregory Guidry should be reduced to 9 hours, the claimed fees of 160.7 hours for Michael P. Maraist should be reduced to 120.5 hours.

## HOURLY RATE CLAIMED

Next, reasonable hourly rates for the Onebane Law Firm attorneys must be determined. The computerized billing records reflect that Mr. Guidry's billing rate was $220 for 2003 entries, $230 for 2004 entries and $235 for 2005 entries, and Mr. Maraist's billing rate was $110 for 2003 entries, $135 for 2004 entries and $145 for 2005 entries. Attorneys' fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547 (1984).

Oxlite's memorandum outlines Mr. Guidry's qualifications and experience as well as the qualifications and experience of Mr. Maraist. Mr. Guidry is a senior partner in the firm with twenty-eight years of experience in labor and employment law. He is a past Chair of the Louisiana State Bar Association Section of Labor and Employment Law and is a Fellow of the College of Labor and Employment Lawyers. Mr. Maraist is presumably an associate with the firm with approximately five years experience in labor and employment law.

The Fifth Circuit has approved hourly rates of $175.00 for partners and $135.00 for associates in an antitrust suit litigated in the United States District Court for the Western District of Louisiana. *Strong v. BellSouth Communications*, 137 F.3d 844, 850 (5th Cir. 1998). In *Conner*, 943 F.Supp. at 663, Judge Little approved hourly rates of $140.00 and $120.00 for attorneys in an ERISA action. Recently, this Court determined that $150.00 per hour was a reasonable fee for partners and $100.00 per hour was a reasonable fee for associates in a shareholder's derivative action. *Vidrine v. American Securities Bancshares of Ville Platte, Inc.*, No. 98-1939 (W.D. La. Nov. 8, 2001). However, the undersigned recognizes that labor and employment litigation is a specialized area of practice that typically commands rates higher than most other areas of practice. For example, the Fifth Circuit has approved hourly rates of $175.00 for partners and $110.00 for associates in a Title VII suit litigated in the United States District Court for the Eastern District of Louisiana. *Green*, 284 F.3d at 662. Over ten years ago the Fifth Circuit has approved hourly rates of $165.00 for lead counsel and $140.00 for associates in a Title VII suit litigated in Texas. *Shipes v. Trinity Industries*, 987 F.2d 311, 319 - 320 (5th Cir. 1993). Moreover, the United States District Court for the Eastern District of Louisiana has approved hourly rates of $195.00 for labor and employment attorneys with experience commensurate with that of Mr. Guidry. See *Yousuf v. UHS of De La Ronde, Inc.*, 110 F.Supp.2d 482, 490 (E.D.La. 1999); *Giardina v. Lockheed Martin Corp.*, 2003 WL 21991644, *4 (E.D.La. 2003); *Raspanti v. United States Dept. of Army*, 2001 WL 1081375, *5 (E.D.La. 2001).

Based on the rates awarded by the courts in this district, rates awarded by the Fifth Circuit and courts within this circuit in Title VII litigation, the experience of counsel, the fact that labor and employment litigation typically commands rates higher than other areas of practice, the undersigned recommends reasonable hourly rates as follows: Gregory Guidry - $195.00, and Michael P. Maraist - $125.00.

## Lodestar Summary

In light of the above, the undersigned recommends that the fees be calculated as follows: for Mr. Guidry 9 hours at his reasonable hourly rate of $195.00 ($1755.00); for Mr. Maraist 120.5 hours at his reasonable hourly rate of $125.00 ($15,062.50); and for Ms. Stanley 1.5 hours at her reasonable hourly rate of $65.00 ($97.50), for a total of $16,915.00

## *JOHNSON* ANALYSIS

Oxlite has not argued any of the twelve *Johnson* factors justifies any modification or enhancement of the lodestar amount, nor does the undersigned find that any adjustment of the lodestar is warranted in this case.

A listing of the factors and analysis of each factor as it applies in this case follows. (1) Time and labor involved: the lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: considering the experience of Oxlite's counsel, neither the facts, nor the underlying legal theories involved in this case, were novel or difficult; (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this matter competently; (4) Preclusion of other

13

employment: there is no evidence to establish that the handling of this case precluded handling of other cases by Oxlite's counsel; (5) Customary fee: in accordance with the above analysis, the hourly rates awarded herein fall within the applicable range; (6) Fixed or contingent fee: review of the bills submitted reveals that fees incurred in connection with this case were billed on an hourly basis; thus, this factor does not justify adjustment;[1] (7) Time limitations: Oxlite's was permitted the same time limitation afforded all litigants who file and oppose motions, and particularly, motions for summary judgement in this court. Thus, the undersigned concludes that no extraordinary time limitations or onerous circumstances were present or imposed[2]; (8) The time involved and the results obtained: Edmond filed this action in late 2001, however, due to difficulties in properly naming the defendants, Oxlite did not become involved in this litigation until May 2003; it's motion for summary judgement was filed less than two years later, within a normal time frame for Title VII litigation, and was resolved approximately two months after its filing; thus, the lodestar adequately compensates for this factor. Additionally, the Supreme Court has greatly limited the use of this factor. *Walker*, 99 F.3d at 771; (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: There is no evidence that this Title VII case was any more or less undesirable than any other Title VII case, hence Oxlite is adequately compensated by the lodestar; (11) The nature and length of

---

[1] In *Walker*, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. *Id.* citing *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992) and *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[2] The seventh factor is subsumed in the number of hours reasonably expended. *Walker*, 99 F.3d at 772.

14

the professional relationship with the client: There is no evidence that Onebane Law Firm has any long-standing relationship with Oxlite; the lodestar therefore adequately compensates for this factor; (12) Awards in similar cases: The award of fees which the undersigned recommends herein is commensurate with awards in similar cases; thus, this factor does not justify adjustment. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct 2638, 2641, 120 L.Ed.2d 449 (1992). This is not such a case; the lodestar requires no adjustment.

## COSTS AND EXPENSES

Oxlite also seeks reimbursement of $2,700.36 for costs and expenses incurred in defense of this action. These include charges for photocopies, fax charges, long distance telephone charges, deposition transcript fees, regular postage, personnel and medical record copy fees.

Review of the computerized billing records reveals that the cost of photocopies is minimal ($.20 per page), fax and long distance calling was performed sparingly, and regular as opposed to express courier delivery was employed. Moreover, there is no indication that the submitted costs and expenses were not necessary. Finally, there has been no objection by Edmond to any of the submitted costs and expenses. Accordingly, the undersigned finds that these costs and expenses should be awarded in full. Thus, the undersigned recommends that Oxlite be awarded $2,700.36 in costs and expenses.

## CONCLUSION

For the reasons assigned hereinabove, it is recommended that the sum of $16,915.00 in attorney's fees, and $2,700.36 in costs and expenses be awarded to Oxlite. These fees, costs and expenses represent a reasonable and appropriate award in this case.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th cir. 1996).

Signed this 4 day of October, 2005 at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 10-5-05
BY:
TO:
CMH